**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| **FIRSTBANK PUERTO RICO,** )<br> )<br>   **Plaintiff,** )<br> )<br>v. )<br> )<br> )<br>**CARL F. CHRISTOPHER a/k/a** )<br>**Asarkasaamsu Raasar Ra II Karapernuntu** )<br>**Herishetapaheru a/k/a Nsw Setep N Ra Neb Ka** )<br>**Ra Herishetapaheru Neb Aha Asarkasaamsu** )<br>**Raasar Ra II KaraPernuntu Herishetapaheru** )<br>**a/k/a Nesut Ra Setep N Ra Neb Ka Ra** )<br>**Herishetapaheru Neb Aha a/k/a** )<br>**Nesut Sa Ra Setep N Ra Neb Ka Ra** )<br>**Herishetapaheru Neb Aha a/k/a** )<br>**Asarkasaamsu 'Raasar 'Ra II KaraPernuntu** )<br>**Herishetapaheru a/k/a** )<br>**Asarkasaamsu Raasar II KaraPernuntu** )<br>**Herishetapaheru and** )<br>**CHENZIRA D. KAHINA,** )<br> )<br>   **Defendants.** )<br>_____ ) | Civil Action No. 2013-0093 |

**Attorneys:**
**Warren B. Cole, Esq.,**
**Elisa Catera, Esq.,**
St. Croix, U.S.V.I.
   *For the Plaintiff*

**Carl F. Christopher,** *Pro Se*
**Chenzira D. Kahina,** *Pro Se*
St. Croix, U.S.V.I.

<u>**MEMORANDUM OPINION**</u>

**Lewis, Chief Judge**

THIS MATTER comes before the Court on a Motion for Summary Judgment filed by Plaintiff FirstBank Puerto Rico ("FirstBank") (Dkt. No. 32), and a Motion for Dismissal filed by Defendants Carl F. Christopher ("Christopher") and Chenzira D. Kahina ("Kahina"). (Dkt. No. 70). FirstBank seeks summary judgment on its debt and foreclosure causes of action against

Defendants Christopher and Kahina. Defendants, appearing *pro se*, responded with a Motion for Dismissal, which the Court will construe as an Opposition to FirstBank's Motion for Summary Judgment. FirstBank has filed an Opposition to the Motion for Dismissal, which the Court will construe as a Reply in support of FirstBank's Summary Judgment Motion. (Dkt. No. 71). For the reasons discussed below, the Court will grant FirstBank's Motion for Summary Judgment, and deny Defendants' Motion for Dismissal.

## I.   BACKGROUND

On September 17, 2013, Firstbank filed a Complaint against Defendants, alleging causes of action for debt and foreclosure of real property mortgage. (Dkt. No. 1). Firstbank asserted that, on June 29, 2006, Defendant Christopher executed and delivered to Virgin Islands Community Bank a Promissory Note, which obligated him to pay the principal amount of $172,000.00, with interest, in accordance with the terms and conditions of the Note. *Id.* ¶ 5. To secure payment on the Note, Defendants Christopher and Kahina executed and delivered to Virgin Islands Community Bank a Mortgage encumbering real property (the "Property") described as follows:

> Plot No. 176-C of United 21 Subdivision of
> The Whim Estates, West End Quarter, St.
> Croix, U.S. Virgin Islands, consisting of 1.077
> U.S. acres, more or less, as more fully shown
> on PWD No. 594 dated June 5, 1957.

*Id.* ¶ 6.

The Complaint further alleges that on April 28, 2009, Christopher executed and delivered to FirstBank Puerto Rico, the successor in interest to Virgin Islands Community Bank, a substitute promissory note ("2009 Substitute Note") in the amount of $143,763.81, whereby he promised to pay FirstBank that amount with interest at the rate of 5.75% per annum. *Id.* ¶ 7. In conjunction with the 2009 Substitute Note, Defendants entered into a Mortgage Modification

Agreement with FirstBank ("2009 Mortgage Modification") which extended the Note's maturity date to May 1, 2050. *Id.* ¶ 8. On August 20, 2012, Defendants entered into a Modification of the 2009 Substitute Note (the "2012 Note Modification") which increased the principal balance to $149,299.02, with interest at 5.75% per annum, and extended the maturity date to November 1, 2050. *Id.* ¶ 9.

The Complaint alleges that, despite demand, Defendants stopped paying the amounts due under the loan documents and are in default. Accordingly, FirstBank accelerated the debt and alleged that, as of August 29, 2013, there is due and owing the principal sum of $152,881.22, plus interest in the amount of $4,214.43, for a total indebtedness of $157,095.65. Interest continues to accrue at the rate of $23.36 per diem. *Id.* ¶ 10. FirstBank also asserts that it is entitled to all additional costs permitted by the governing note and mortgage agreements. *Id.* FirstBank seeks judgment on the debt against Christopher, and judgment of foreclosure against both Defendants.

Defendant Kahina was personally served with the Summons and Complaint. (Dkt. No. 7). Because the process server was unable to serve Defendant Christopher personally (Dkt. No. 8), the Court permitted service by publication. (Dkt. No. 10). Attorney Martial Webster entered an appearance on behalf of Defendants on October 22, 2013 and filed an Answer to the Complaint the same day. (Dkt. Nos. 11, 12). In January 2014, Attorney Webster moved to withdraw as Defendants' attorney and the Court granted his motion. (Dkt. Nos. 26, 27).

On March 6, 2014, FirstBank filed the instant Motion for Summary Judgment. (Dkt. No. 32). In its Statement of Undisputed Facts, FirstBank contends that the facts supporting summary judgment against Defendants are undisputed: on June 29, 2006, Christopher executed and delivered to Virgin Islands Community Bank a Promissory Note in the amount of $172,000.00 in

3

exchange for his agreement to repay the loan with interest at 7.250% per annum; that Defendants executed and delivered to Virgin Islands Community Bank a Mortgage on June 29, 2006 which secured repayment of the loan by mortgaging the Property; that in April 2009, Christopher executed and delivered to FirstBank Puerto Rico—the successor in interest to Virgin Islands Community Bank—a substitute promissory note in the amount of $143,763.81, with interest at 5.75% per annum, and both Defendants entered a Mortgage Modification Agreement in conjunction with the execution of the 2009 Substitute Note, extending the Note's maturity date to May 1, 2050; and in August 2012, Defendants entered into a Modification of the 2009 Substitute Note with FirstBank, which increased the principal balance to $149,299.02 with a maturity date of November 1, 2050 and charging interest at 5.75% per annum. (Dkt. No. 34, ¶¶ 1-5). FirstBank adds that it sent a letter dated July 22, 2013 to Defendants, giving them notice of default, but that Defendants failed to pay the amounts due. *Id.* ¶¶ 6-7. FirstBank supported each of these factual statements with appropriate loan documents.

FirstBank also provided a Declaration of Alphonso Meade, District Manager at First Express, a subsidiary of FirstBank. (Dkt. No. 34-1). In his Declaration, made "upon personal knowledge and upon information and belief after diligent review of the books and records" of FirstBank, *id.* ¶ 1, Mr. Meade indicated, *inter alia*, that as of February 3, 2014, the following amounts were due and owing related to the Defendants' governing loan documents: the principal sum of $152,881.22, with interest continuing to accrue at the rate of $23.36 per diem; interest in the amount of $7,863.00; and accumulated late charges of $203.30. *Id.* ¶ 9. Mr. Meade attached Christopher's Payment History to his Declaration. (Dkt. No. 34-8).

FirstBank also filed a Declaration for Attorney's Fees and Costs submitted by its counsel, Warren B. Cole, Esq., a partner at Hunter & Cole. (Dkt. No. 35). Attorney Cole stated that his

4

hourly rate was $275.00 and the hourly rate of his associate, Elise Catera, was $225.00; and that the loan documentation contains various provisions allowing an award of costs and fees incurred in the collection of the indebtedness, including reasonable attorney's fees. *Id.* He attached billing records showing that the total time he and Attorney Catera spent on this matter was 35.30 hours through January 31, 2014; that the total amount of attorney's fees incurred was $8,033.50; and that the total amount of costs expended was $1,075.00. (Dkt. Nos. 35-2, 35-3).

On March 14, 2014, FirstBank filed a Supplemental Exhibit in support of its Motion for Summary Judgment which included documents pertaining to the merger of FirstBank with Virgin Islands Community Bank. (Dkt. No. 43). In a Declaration dated March 12, 2014, Mr. Meade described the documents, which reflected the merger in 2008 with FirstBank Puerto Rico as the surviving corporation. Mr. Meade declared that FirstBank acquired the 2006 Note and Mortgage at issue in this case previously held by Virgin Islands Community Bank. (Dkt. No. 43-1).

After moving for an extension of time, until April 24, 2014, to respond to FirstBank's Motion for Summary Judgment (Dkt. No. 48), which was granted by the Court (Dkt. No. 50), Defendants then began filing a series of motions, none of which appeared to respond to FirstBank's Motion for Summary Judgment. (Dkt. Nos. 47, 53, 57, 68). Because Defendants were proceeding *pro se*, by Order entered on May 22, 2014, the Court "afford[ed] them one more opportunity to file a legally cognizable response to Plaintiff's Motion for Summary Judgment" by June 10, 2014. (Dkt. No. 68).

On June 2, 2014, Defendants filed a "Motion for Dismissal with Prejudice in Maat (Truth) on Behalf of Defendants as Defense Response to Court's Order to Proceed Pro Se to Motion of Summary Judgment of the Plaintiff and Decree for Damages for the Defendants."

(Dkt. No. 70). The Court will also construe this Motion as Defendants' Opposition to the Motion for Summary Judgment. In their filing—which totals thirty-two pages—Defendants make largely incomprehensible arguments. What may be culled from their filing are arguments that Christopher never received service of the Summons and Complaint because it was not addressed to "Asarkasaamsu Raasar Ra II KaraPernuntu Herishetapaheru"—the "New Liberated Sovereign Being" that Christopher was transformed into and allegedly changed his name to; that Defendant Kahina did not receive service because she was not a co-signer of the Promissory Note; and that the Court has no jurisdiction over Christopher as a Religious and Spiritual Sovereign Being and cannot force him to comply with a Court Order. *Id.* at 3, 8. He seeks dismissal of the lawsuit and $2,000,000 in damages. *Id.* at 10.

FirstBank filed an Opposition to Defendants' Motion to Dismiss, construing Defendants' filing as an opposition to its Motion for Summary Judgment. (Dkt. No. 71). FirstBank observes that Defendants appear to raise issues of insufficiency of process and/or insufficiency of service of process under Fed. R. Civ. P. 12(b)(4) and (5) regarding Defendant Christopher, based on the fact that he was not personally served with a summons and complaint and that, prior to the filing of the Complaint, he had changed his name to a name that does not appear on the Summons or in the body of the Complaint. *Id.* FirstBank notes that because Christopher evaded service and engaged in "threatening and abusive behavior toward the process server," it moved for and was granted leave by the Court to serve him by publication. *Id.* at 2. FirstBank goes on to say that, before service by publication was complete, Attorney Webster entered an appearance and filed an Answer on behalf of both Defendants, using the Defendants' names as they appear on the Summons and Complaint. In their Answer, both Defendants admitted to being citizens of the Virgin Islands and that they executed the various loan documents. *Id.* at 2-3. Although they

6

raised affirmative defenses, FirstBank points out that Defendants did not raise the defenses of insufficiency of process or insufficiency of service of process. *Id.* at 3. In March 2014, when Christopher entered his appearance *pro se* and in March and April 2014 when he filed motions and memoranda, FirstBank highlights the fact that he signed his name "Carl F. Christopher." It was not until May 2014 that he asserted that his name had been changed and appeared to assert defenses "in the nature of sovereign immunity." *Id.* at 4.

FirstBank argues that the Court should disregard Christopher's sovereign citizen claims as Defendants are citizens of the Virgin Islands and subject to the jurisdiction of the Court. *Id.* at 4. FirstBank contends that the insufficient process and/or insufficient service of process defenses have been waived because Defendants failed to raise them in their Answer or in a Rule 12(b) motion. In addition, FirstBank claims that Christopher waived any Rule 12(b)(4) defense by his extensive participation in this case using his given name on the pleadings. *Id.* at 5. FirstBank notes that it was also filing a motion to amend the caption and a revised proposed judgment to take into account the "multiple names now being used by Defendant Christopher." *Id.*[1]

From June 13 through August 1, 2014, Defendants filed seven motions: a Motion for Dismissal (Dkt. No. 74); a Motion for Execution and Performance of a Judgment" (Dkt. No. 75); a Motion to Amend an Important Grammatical Error (Dkt. No. 76); a Motion to Amend a Minor Grammatical Error (Dkt. No. 77); a Motion to Amend Dkt. No. 74 (Dkt. No. 78); a Motion to Amend an Affidavit (Dkt. No. 79); and a Motion for Entry of Default (Dkt. No. 80). None of these largely incomprehensible filings appear to challenge the legal or factual basis of

---

[1] On December 18, 2014, the Magistrate Judge of this Court filed an Order allowing Defendant Carl F. Christopher to amend the caption to include various names used by Mr. Christopher. (Dkt. No. 82).

FirstBank's Motion for Summary Judgment. Rather the filings, *inter alia*, reiterate Christopher's sovereign citizen status and seek damages against FirstBank.

## II. DISCUSSION

### A. Applicable Legal Principles

"Summary judgment is proper where the pleadings, depositions, answers to interrogatories, admissions, and affidavits show there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Klein v. Weidner,* 729 F.3d 280, 283 (3d Cir. 2013) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 56(a). "Once the moving party points to evidence demonstrating no issue of material fact exists, the non-moving party has the duty to set forth specific facts showing that a genuine issue of material fact exists and that a reasonable factfinder could rule in its favor." *Hart v. Electronic Arts, Inc.,* 717 F.3d 141, 148 (3d Cir. 2013) (internal quotation marks omitted). The non-moving party "'must set forth specific facts showing a genuine issue for trial and may not rest upon mere allegations, general denials, or [ ] vague statements.'" *Patterson v. Glory Foods, Inc.*, 555 F. App'x 207, 211 (3d Cir. 2014) (quoting *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991)).

To demonstrate that there is a genuinely disputed issue of fact, a party must cite to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c). A factual dispute is deemed genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In reviewing the evidence, the court may not weigh the evidence and must give the nonmoving

party the benefit of all reasonable inferences. *Reedy v. Evanson*, 615 F.3d 197, 210 (3d Cir. 2010) (citations omitted).

"'Generally, debt actions are well suited for summary judgment. Because of the relative simplicity of the issues involved, suits to enforce promissory notes are among the most suitable classes of cases for summary judgment.'" *LPP Mortgage, Ltd. v. Ferris*, 2014 WL 2459802, at *4 (D.V.I. June 2, 2014) (quoting *Pemberton Sales & Serv., Inc. v. Banco Popular de Puerto Rico*, 877 F. Supp. 961, 971 (D.V.I. 1994)).

To succeed on a debt and foreclosure claim under Virgin Islands law, the plaintiff must show: (1) the debtor executed a promissory note and mortgage; (2) the debtor is in default under the terms of the note and mortgage; and (3) the lender is authorized to foreclose on the property mortgaged as security for the note. *Thompson v. Florida Wood Treaters, Inc.,* 2009 WL 4730784, at *3 (D.V.I. Dec. 6, 2009) (citing *National Union Fire Ins. Co. v. Saunders*, 899 F. Supp. 452, 455 (C.D. Cal. 1993)); *see also* Am. Jur. 2d Mortgages § 633 (2008) (foreclosure requires valid mortgage, default on part of mortgagor, and foreclosure in compliance with terms of contract).

### B. Analysis

FirstBank has provided evidence to support all of the elements of its debt and foreclosure causes of action. First, FirstBank has shown that Christopher executed the 2006 Note, and that Christopher and Kahina executed the 2006 Mortgage, and delivered those documents to Virgin Islands Community Bank (Dkt. Nos. 34-1; 34-2, 34-3); that in April 2009, Christopher executed a Substitute Promissory Note and both Defendants executed and delivered a Mortgage Modification Agreement in conjunction with the 2009 Substitute Note with FirstBank (Dkt. Nos. 34-1, 34-4, 34-5, 34-6); and that in August 2012, Defendants executed and delivered a

Modification of the Note to FirstBank (Dkt. No. 1-6). In Defendants' Answer, Christopher admitted executing the 2006 Note and Mortgage, the 2009 Substitute Note and Mortgage Modification, and the 2012 Note Modification; and Kahina admitted executing the 2006 Mortgage, the 2009 Mortgage Modification, and the 2012 Note Modification. (Dkt. No. 1, ¶¶ 5-9). In addition, FirstBank has shown that it is the successor in interest to the Virgin Islands Community Bank, and that it acquired the 2006 Note and Mortgage at issue. (Dkt. No. 43-1).

Second, FirstBank has shown that Defendants are in default by failing to make payments due under the Note and Mortgage. FirstBank provided a copy of the letter of default it sent to Defendants dated July 22, 2013. (Dkt. No. 34-7); *see also* Meade Decl., Dkt. No. 34-1, ¶¶ 8, 9.

Third, it is uncontroverted that FirstBank is authorized to foreclose on the Property. The 2006 Mortgage provides that "[i]f the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument. . . and may foreclose this Security Instrument by judicial proceeding." (Dkt. No. 34-3, ¶ 21). The 2009 and 2012 modifications changed the amount of indebtedness secured by the 2006 Note and Mortgage and the 2006 interest rate, and extended the maturity date, but otherwise left the 2006 Mortgage terms unchanged. (Dkt. Nos. 1-6, 34-5).

Finally, FirstBank has demonstrated that it has been damaged in the following amounts as of February 3, 2014: the principal sum of $152,881.22; interest in the amount of $7,863.00; and accumulated late charges of $203.30, with interest continuing to accrue on the principal at the rate of $23.36 per diem. (Dkt. No. 34-1 at ¶ 9).

The Court finds that this evidence is sufficient to shift the burden to Defendants to "set forth specific facts showing that a genuine issue of material fact exists and that a reasonable

factfinder could rule in [Defendants'] favor" regarding FirstBank's debt and foreclosure causes of action. *Hart,* 717 F.3d at 148.

Interpreting their Opposition liberally, Defendants assert that Christopher was not properly served, and they question the Court's jurisdiction over him. (Dkt. No. 70). Defendants also claim that Kahina is not properly a part of this action because she did not sign the Note and has no financial obligation in the Property. *Id.* The Court construes Defendants' Opposition related to Christopher as raising arguments of insufficient process under Rule 12(b)(4) and insufficient service of process under Rule 12(b)(5), and the Court's personal jurisdiction over him under Rule 12(b)(2), and as raising a merits-based issue concerning Kahina.[2] An objection under Rule 12(b)(4) (insufficient process) "concerns the form of the process rather than the manner or method of its service," and "is proper only to challenge noncompliance with the provisions of Rule 4(b) . . . that deal[ ] specifically with the content of the summons," while a Rule 12(b)(5) motion (insufficient service of process) "challenges the mode of delivery or the lack of delivery of the summons and complaint." 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* Civil 3d § 1353 (3d ed.). Wright & Miller go on to explain that if an alleged defect "is that the defendant. . . is misnamed in the summons or has ceased to exist," a

---

[2] Rule 12(b) provides, in pertinent part:

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
> * * *
> (2) lack of personal jurisdiction;
> * * *
> (4) insufficient process;
> (5) insufficient service of process[.]

Fed. R. Civ. P. 12(b).

challenge could be brought either under Rule 12(b)(4) or Rule 12(b)(5), and several courts "have treated a combination of the two motions as a proper procedure" in such circumstances. *Id.* Lastly, dismissing a claim for lack of personal jurisdiction is "appropriately done by way of Rule 12(b)(2) of the Federal Rules of Civil Procedure[.]" *Scott v. Lackey*, 587 F. App'x 712, 715 (3d Cir. 2014).

Whether Defendants' arguments are construed under Rule 12(b)(4), Rule 12(b)(5), or Rule 12(b)(2), their arguments are unavailing. Defendants were represented by counsel at the point they filed their Answer to FirstBank's Complaint. Defendants did not file a Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b), prior to filing the Answer in which Defendants could have raised these defenses. Nor did they raise these defenses in their Answer. Rule 12(h), which concerns waiving and preserving certain defenses, provides that "[a] party waives any defense listed in Rule 12(b)(2)-(5) by: . . . failing to either (i) make it by motion under this rule; or (ii) include it in a responsive pleading[.]" Fed. R. Civ. P. 12(h)(1)(B). Thus, when no pre-answer motion under Rule 12(b) is made, or where these defenses are not included in an answer, "Rule 12(h)(1) renders these defenses (12(b)(2)-(5)) waived[.]" *Oran v. Fair Wind Sailing, Inc.*, 2009 WL 3233053, at *2 (D.V.I. Oct. 7, 2009) (citing *Konigsberg v. Shute*, 435 F.2d 551, 551 (3d Cir. 1970) and 5C Wright & Miller, *Federal Practice & Procedure* § 1391 (3d ed. 2009)). Because Defendants did not raise these defenses by a pre-Answer motion or in their Answer, they are waived.

Moreover, Christopher's self-declared status as a Sovereign Being has no bearing on whether the Court has jurisdiction over him. The Third Circuit wrote in *Carlough v. Amchem Prods., Inc.*, 10 F.3d 189 (3d Cir. 1993): "[W]e recognize that it is a fundament of personal jurisdiction in a court of law that a defendant be actually domiciled or present within the territory

of the forum court, without which the court would lack authority to bind that defendant." *Id.* at 198-99. FirstBank's debt and foreclosure claims against Christopher arise out of Christopher's contacts with the forum—specifically, ownership of property, 5 V.I.C. § 4903. In addition, Christopher has admitted in his answer to FirstBank's Complaint that he is a citizen and resident of the Virgin Islands. (Dkt. No. 12). All of these contacts establish the Court's jurisdiction over Christopher. Accordingly, the Court rejects Christopher's jurisdictional arguments.

With regard to Defendant Kahina, the fact that she did not execute the 2006 promissory note is irrelevant, with regard to service or otherwise, because FirstBank is not seeking recovery of the debt under the Note from her, but only from Defendant Christopher. (*See* Dkt. No. 1, p. 4). Kahina is a defendant as to the foreclosure portion of this action because she executed a mortgage encumbering real property to secure payment on the Note. Kahina was personally served, that service was proper, and therefore Defendants' argument in this regard lacks merit.

In view of the foregoing, FirstBank has established that there is no genuine issue of material fact on its debt and foreclosure claims, and it is entitled to judgment as a matter of law. On the other hand, Defendants have failed to provide any basis to support dismissal of this action. Accordingly, FirstBank's Motion for Summary Judgment will be granted, and Defendants' Motion for Dismissal will be denied.

### C. Attorney's Fees and Costs

Title 5 of the Virgin Islands Code, Section 541(b), governs the award of attorney's fees in the Virgin Islands. The statute states, in pertinent part: "The measure and mode of compensation of attorneys shall be left to the agreement, express or implied, of the parties . . . ." 5 V.I.C. § 541(b).

Under the terms of the 2006 Note, FirstBank may recover attorney's fees (Dkt. No. 34-2, p. 2). Under the terms of the 2006 Mortgage and the 2009 Substitute Note, FirstBank may recover "reasonable" attorney's fees. (Dkt. No. 34-3, ¶ 21; Dkt. No. 34-4, ¶ 6(E)). The Court will look to the body of case law interpreting 5 V.I.C. § 541(b) for guidance in assessing what attorney's fees may be "reasonable." *Flagstar Bank, FSB v. Stridiron*, 2013 WL 5941298, at *6 (D.V.I. Oct. 31, 2013).

"To determine a fair and reasonable award of attorneys' fees [under § 541(b)], the Court considers factors including the time and labor involved, skill required, customary charges for similar services, benefits obtained from the service and the certainty of compensation." *Staples v. Ruyter Bay Land Partners, LLC*, 2008 WL 413308, at *1 (D.V.I. Feb. 6, 2008) (citing cases). The Court undertakes a two-step inquiry when examining the reasonableness of attorney's fees. First, the Court determines whether the hours billed were "reasonably expended," excluding time billed that is "excessive, redundant, or otherwise unnecessary." *Berne Corp. v. Gov't of Virgin Islands*, 2012 WL 369535 at *10 (D.V.I. Feb. 3, 2012) (quoting *Pub. Interest Research Group of N.J., Inc. v. Windall*, 51 F.3d 1179, 1188 (3d Cir. 1995)). Second, the Court determines whether the hourly rate sought is reasonable, in comparison to prevailing market rates in the relevant community "for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990); *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 180 (3d Cir. 2001); *Berne Corp.*, 2012 WL 369535 at *10. The Court will address the two steps involved in assessing the reasonableness of attorney's fees in reverse order.

Addressing the hourly rate first, Virgin Islands courts "have generally concluded that a reasonable hourly rate in this jurisdiction spans from $125 to $300 per hour." *Anthony on Behalf*

*of Lewis v. Abbott*, 2012 WL 2752154, at *3 (D.V.I. July 9, 2012) (citing cases). FirstBank Attorney Warren Cole, a partner at Hunter & Cole, charged $275.00 per hour from February 22, 2013 to January 31, 2014, and Associate Elise Catera charged $225.00 per hour during that same time period. (Dkt. No. 35). The Court concludes that the hourly rates charged by Attorneys Cole and Catera are reasonable.

With regard to the reasonableness of the time expended, FirstBank seeks compensation for 35.30 hours of work billed in this matter. (Dkt. No. 35-2). Based on the Court's review of the documentation provided, the Court finds that the hours billed were reasonably expended. Attorney Catera billed the majority of the hours devoted to this case, which reduced the attorney's fees. Further, although the total amount billed is in excess of that typically awarded for a run-of-the-mill debt and foreclosure action, the Court notes that the *pro se* Defendants here filed numerous motions and other documents that required a response, thus increasing the amount of time reasonably expended and the total amount billed. Accordingly, the Court will award attorney's fees of $8,033.50.

With regard to costs, under the terms of the Note, Christopher agreed to "pay . . . all expenses and costs" in the event of any default in the payment of the Note. (Dkt. No. 34-2 at 2). Under the terms of the Mortgage, FirstBank was entitled "to collect all expenses incurred in pursuing the remedies provided in this paragraph. . . including. . . costs of court." (Dkt. No. 34-3, ¶ 21). The Court infers that in order for costs to be reimbursed, they must be reasonable. *Cf. Galt Capital, LLP v. Seykota*, 2007 WL 4800135, at *3 (D.V.I. Dec. 20, 2007) (opining that Virgin Islands fee-shifting statute governing the award of attorney's fees and costs permits reimbursement for reasonable fees and costs).

The Bank is seeking reimbursement of $1,075.00 for the following costs: title search fee, Complaint filing fee; recording fee for lis pendens, process server fee, and publication of Christopher summons. (Dkt. No. 35-3). The Court finds that these costs are reasonable, and—pursuant to the plain language of the Note and Mortgage—will award costs in the amount of $1,075.00.

### III. CONCLUSION

For the reasons discussed above, FirstBank Puerto Rico has satisfied the requirements necessary for entry of summary judgment against Defendants Carl F. Christopher and Chenzira D. Kahina. Accordingly, Plaintiff's Motion for Summary Judgment (Dkt. No. 32) on the debt and foreclosure causes of action will be granted and Defendants' Motion for Dismissal (Dkt. No. 70) will be denied. In addition, the Court will award $8,033.50 in attorney's fees and $1,075.00 in costs, for a total award of $9,108.50 in attorney's fees and costs through January 31, 2014.

An appropriate Judgment and Order accompanies this Memorandum Opinion.

Date: February 27, 2015 _____/s/_____
　　　　　　　　　　　　　　　　　　　　WILMA A. LEWIS
　　　　　　　　　　　　　　　　　　　　Chief Judge