## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| **FIRSTBANK PUERTO RICO,** ) | |
| ) | |
| **Plaintiff,** ) | |
| **v.** ) | |
| ) | **Civil Action No. 2013-0093** |
| **CARL F. CHRISTOPHER a/k/a** ) | |
| **Asarkasaamsu Raasar Ra II Karapernuntu** ) | |
| **Herishetapaheru a/k/a Nsw Setep N Ra Neb Ka** ) | |
| **Ra Herishetapaheru Neb Aha Asarkasaamsu** ) | |
| **Raasar Ra II KaraPernuntu Herishetapaheru** ) | |
| **a/k/a Nesut Ra Setep N Ra Neb Ka Ra** ) | |
| **Herishetapaheru Neb Aha a/k/a** ) | |
| **Nesut Sa Ra Setep N Ra Neb Ka Ra** ) | |
| **Herishetapaheru Neb Aha a/k/a** ) | |
| **Asarkasaamsu 'Raasar 'Ra II KaraPernuntu** ) | |
| **Herishetapaheru a/k/a** ) | |
| **Asarkasaamsu Raasar II KaraPernuntu** ) | |
| **Herishetapaheru and** ) | |
| **CHENZIRA D. KAHINA,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

**Attorneys:**
**Warren B. Cole, Esq.,**
**Elisa Catera, Esq.,**
St. Croix, U.S.V.I.
    *For the Plaintiff*

**Carl F. Christopher,** *Pro Se,*
**Chenzira D. Kahina,** *Pro Se,*
St. Croix, U.S.V.I.
    *Defendants*

## <u>MEMORANDUM OPINION</u>

**Lewis, Chief Judge**

THIS MATTER comes before the Court on three Motions for Reconsideration filed by

Defendants Carl F. Christopher and Chenzira D. Kahina ("Defendants") in this matter on March

13 and March 17, 2015. (Dkt. Nos. 89, 90, 91). In their Motions, Defendants, appearing *pro se,*

ask the Court to reconsider its Memorandum Opinion and Judgment, issued February 27, 2015, which granted Summary Judgment to Plaintiff FirstBank Puerto Rico ("FirstBank") on its debt and foreclosure causes of action against Defendants. (Dkt. Nos. 83, 84). For the reasons that follow, Defendants' Motions will be denied.

## BACKGROUND AND PROCEDURAL HISTORY

On September 17, 2013, Firstbank filed a Complaint against Defendants, alleging causes of action for debt and foreclosure of real property mortgage. (Dkt. No. 1). Attorney Martial Webster entered an appearance on behalf of Defendants on October 22, 2013 and filed an Answer to the Complaint the same day. (Dkt. Nos. 11, 12). In January 2014, Attorney Webster moved to withdraw as Defendants' attorney and the Court granted his motion. (Dkt. Nos. 26, 27).

On March 6, 2014, FirstBank filed its Motion for Summary Judgment. (Dkt. No. 32). After moving for an extension of time, until April 24, 2014, to respond to FirstBank's Motion for Summary Judgment (Dkt. No. 48), which was granted by the Court (Dkt. No. 50), Defendants then began filing a series of motions, none of which appeared to respond to FirstBank's Motion for Summary Judgment. (Dkt. Nos. 47, 53, 57, 63, 66). Because Defendants were proceeding *pro se*, by Order entered on May 22, 2014, the Court "afford[ed] them one more opportunity to file a legally cognizable response to Plaintiff's Motion for Summary Judgment" by June 10, 2014. (Dkt. No. 68).

On June 2, 2014, Defendants filed a "Motion for Dismissal with Prejudice in Maat (Truth) on Behalf of Defendants as Defense Response to Court's Order to Proceed Pro Se to Motion of Summary Judgment of the Plaintiff and Decree for Damages for the Defendants," (Dkt. No. 70), which the Court construed as Defendants' Opposition to the Motion for Summary Judgment. In their thirty-two page filing, Defendants made largely incomprehensible arguments

that generally challenged service of process and raised questions of subject matter jurisdiction based on Christopher allegedly having been transformed into a "New Liberated Sovereign Being." *Id.* at 3. FirstBank filed an Opposition to Defendants' Motion to Dismiss, also construing Defendants' filing as an opposition to its Motion for Summary Judgment. (Dkt. No. 71). FirstBank observed that Defendants appeared to raise issues of insufficiency of process and/or insufficiency of service of process under Fed. R. Civ. P. 12(b)(4) and (5). *Id.*

From June 13 through August 1, 2014, Defendants filed seven additional motions, none of which appeared to challenge the legal or factual basis of FirstBank's Motion for Summary Judgment. *See* Dkt. Nos. 74, 75, 76, 77, 78, 79, 80. The filings, *inter alia*, reiterated Christopher's alleged "Sovereign Being" status and sought damages against FirstBank.

On February 27, 2015, the Court granted summary judgment to FirstBank, issuing a Memorandum Opinion and a Judgment and Order. (Dkt. Nos. 84, 85). The Court ruled that FirstBank provided evidence to support all of the elements of its debt and foreclosure causes of action, and that it demonstrated that it was damaged in the amount of $160,947.52 as of February 3, 2014. The Court rejected Defendants' jurisdictional and service arguments. *Id.*

Defendants responded with three Motions for Reconsideration filed on March 13 and 17, 2015. (Dkt. Nos. 89, 90, and 91). They have invoked, *inter alia*, Fed. R. Civ. P. 59 and 60, and have requested "the right and privilege to answer, respond to the plaintiff allegations and litigate the Defendants defense with clarity dignity, and respect." (Dkt. No. 89 at 3). Defendants agree that their arguments, as described by the Court, were "largely incomprehensible," and contend that they are entitled to relief from judgment because they did not have a "justified and equitable opportunity to respond" to FirstBank's Motion for Summary Judgment. *Id.* at 4. They assert that they have prepared "the necessary defense to dispute all aspects of the plaintiff motion." *Id.* at 5.

FirstBank filed an Opposition to Plaintiffs' Motions on March 23, 2015, asserting that Defendants have set forth no legal basis for relief under either Rule 59(e) or Rule 60, and therefore the Court should deny the Motions. (Dkt. No. 92). Subsequently, Defendants filed another "motion for reconsideration," which the Court construes as a reply brief. (Dkt. No. 98). In it, Defendants took issue with certain statements FirstBank made in its Opposition, and reiterated their request to allow them to further litigate against FirstBank's claims. *Id.*

## DISCUSSION

A motion for reconsideration pursuant to Rule 59(e) "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010). Such motions "are not to be used as 'a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not.'" *Greene v. V.I. Water & Power Auth.*, 2012 WL 4755061, at *2 (D.V.I. Oct. 5, 2012) (quoting *Bostic v. AT & T of the V.I.*, 312 F. Supp. 2d 731, 733 (D.V.I. 2004)); *see also* LRCi 7.3. Reconsideration "is an extraordinary remedy and should be granted sparingly." *Boldrini v. Wilson*, 2013 WL 619774, at *1 (M.D. Pa. Feb. 19, 2013) (citing *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999)).

Defendants have not relied on an intervening change in controlling law, the availability of new evidence, or the need to correct clear error of law as the basis for their Motion for Reconsideration. Rather, they argue that they should be accorded another opportunity to contest FirstBank's Motion for Summary Judgment as a general matter of justice. However, in order to support their position that it would be manifestly unjust for the Court not to grant them the relief

they seek, Defendants would have to show that "the Court overlooked some dispositive factual or legal matter that was presented to it.'" *Greene*, 2012 WL 4755061, at *2 (quoting *In re Rose*, 2007 U.S. Dist. LEXIS 64622, at *3 (D.N.J. Aug. 30, 2007)). Courts will entertain a motion relying on the manifest unjust factor where the overlooked matter "might reasonably have resulted in a different conclusion." *Assisted Living Assocs. of Moorestown, L.L.C. v. Moorestown Twp.*, 996 F. Supp. 409, 442 (D.N.J. 1998).

Defendants' filings do not contain any argument that the Court's February 27, 2015 Memorandum Opinion overlooked some dispositive factual or legal matter when adjudicating the Motion for Summary Judgment. Thus, "manifest injustice" cannot provide a basis for the Court to grant Defendants' Motion for Reconsideration pursuant to Fed. R. Civ. P. 59(e).

In addition to their motion to dismiss, which the Court construed as an opposition to FirstBank's Motion for Summary Judgment, Defendants filed seven more motions. The Court reviewed these motions prior to adjudicating the Motion for Summary Judgment in order to determine whether they contained any grounds for relief. They did not, and the Court denied these motions with prejudice. (Dkt. No. 86). Thus, Defendants had ample opportunity to oppose FirstBank's Motion for Summary Judgment. Their arguments, however, were inapposite and meritless.

In a similar vein, Defendants have requested relief under Fed. R. Civ. P. 60(b). This rule provides:

> Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A '"movant under Rule 60(b) bears a heavy burden' and '[w]e view Rule 60(b) motions as extraordinary relief which should be granted only where extraordinary justifying circumstances are present.'" *Oat v. Sewer Enters., Ltd.,* 584 F. App'x 36, 41 (3d Cir. 2014) (quoting *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991)). "Relief under Rule 60(b) . . . should 'be reserved for those cases of injustices which . . . are deemed sufficiently gross to demand a departure from rigid adherence to the doctrine of res judicata.'" *Id.* (quoting *United States v. Beggerly*, 524 U.S. 38, 46 (1998)).

Here, too, Defendants have offered no substantive argument why they should be relieved from the Court's Order granting summary judgment to Plaintiff. While mindful that, because they are *pro se* litigants, the Court must construe Defendants' pleadings liberally, *see, e.g., Higgs v. Att'y Gen. of U.S.*, 655 F.3d 333, 339 (3d Cir. 2011), Defendants have not provided any grounds for Rule 60(b) relief, and this case does not present the kind of extraordinary circumstances that would justify such relief.

In sum, Defendants have failed to demonstrate that reconsideration of this Court's February 27, 2015 Memorandum Opinion, and accompanying Judgment and Order, is warranted. The Court will therefore deny Defendants' Motions for Reconsideration (Dkt. Nos. 89, 90, 91). To the extent that Defendants' Reply to Plaintiff's Opposition to their Motions for Reconsideration has been filed as a Motion, the Court will deny that Motion as well. (Dkt. No. 98).

6

An appropriate Order accompanies this Memorandum Opinion.

Date: June 8, 2015

_____/s/_____
WILMA A. LEWIS
Chief Judge