**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| **FIRSTBANK PUERTO RICO,** )<br>)<br>  **Plaintiff,**  )<br>  v. )<br>)<br>**CARL F. CHRISTOPHER a/k/a** )<br>Asarkasaamsu Raasar Ra II Karapernuntu )<br>Herishetapaheru a/k/a Nsw Setep N Ra Neb Ka )<br>Ra Herishetapaheru Neb Aha Asarkasaamsu )<br>Raasar Ra II KaraPernuntu Herishetapaheru )<br>a/k/a Nesut Ra Setep N Ra Neb Ka Ra )<br>Herishetapaheru Neb Aha a/k/a )<br>Nesut Sa Ra Setep N Ra Neb Ka Ra )<br>Herishetapaheru Neb Aha a/k/a )<br>Asarkasaamsu 'Raasar 'Ra II KaraPernuntu )<br>Herishetapaheru a/k/a )<br>Asarkasaamsu Raasar II KaraPernuntu )<br>Herishetapaheru and )<br>**CHENZIRA D. KAHINA,** )<br>)<br>  **Defendants.**  )<br>_____) | Civil Action No. 2013-0093 |

**Attorneys:**
**Warren B. Cole, Esq.,**
**Elisa Catera, Esq.,**
St. Croix, U.S.V.I.
  *For Plaintiff*

**Carl F. Christopher,** *Pro Se*
**Chenzira D. Kahina,** *Pro Se*
St. Croix, U.S.V.I.

<u>**MEMORANDUM OPINION**</u>

**Lewis, Chief Judge**

THIS MATTER comes before the Court on the Motion for a Supplemental Award of Attorney's Fees (the "Motion") filed by Plaintiff FirstBank Puerto Rico ("FirstBank"). (Dkt. No. 126). Defendants Carl F. Christopher ("Christopher") and Chenzira D. Kahina ("Kahina") have

opposed the Motion. (Dkt. Nos. 128, 130). For the reasons discussed below, the Court will grant in part and deny in part FirstBank's Motion, and award supplemental attorney's fees and expenses in the amount of $18,073.75.

## I. BACKGROUND

On September 17, 2013, Firstbank filed a Complaint against Defendants, alleging causes of action for debt and foreclosure of real property mortgage. (Dkt. No. 1). FirstBank filed a Motion for Summary Judgment (Dkt. No. 32), which was granted by the Court. (Dkt. Nos. 84, 85). Included in the Judgment was an award of attorney's fees in the amount of $8,033.50 and costs in the amount of $1,075.00, representing time billed by FirstBank's attorneys from the inception of the case until January 31, 2014. (Dkt. No. 84 at 15, 16). The Judgment and Order provided that "FirstBank may seek an additional award of subsequent costs and attorney's fees to be determined upon appropriate application filed with the Court at any time prior to entry of an Order confirming the sale of the Property[.]" (Dkt. No. 85 at 3). FirstBank has now filed such a Motion seeking a supplemental award of attorney's fees billed and costs expended in this matter from February 3, 2014 through July 30, 2015. (Dkt. No. 126).

Attached to the Motion is a Declaration of Elise Catera, Esq., an Associate at the law firm of Hunter & Cole, and counsel of record to FirstBank. (Dkt. No. 126-1). In her Declaration, Attorney Catera avers that partner Warren B. Cole billed at the hourly rate of $275.00, and she billed at the hourly rate of $225.00. *Id.* She states that FirstBank is seeking a supplemental award of $16,876.75 in attorney's fees; taxable costs under 5 V.I.C. § 541(a)(6) of $1,141.00; and non-taxable costs recoverable under various loan documents of $783.38, for a total supplemental award of $18,801.13. *Id.* Attorney Catera also attached the billing records in this case reflecting the charges from February 3, 2014 through July 30, 2015, which described the services rendered

and the date, who performed the services, the amount of time expended, and the amount billed. (Dkt. No. 126-3).

## II. DISCUSSION

### A. Attorney's Fees

Title 5 of the Virgin Islands Code, Section 541(b), governs the award of attorney's fees in the Virgin Islands. The statute states, in pertinent part: "The measure and mode of compensation of attorneys shall be left to the agreement, express or implied, of the parties . . . ." 5 V.I.C. § 541(b).

Under the terms of the 2006 Note, FirstBank may recover attorney's fees (Dkt. No. 34-2, p. 2). Under the terms of the 2006 Mortgage and the 2009 Substitute Note, FirstBank may recover "reasonable" attorney's fees. (Dkt. No. 34-3, ¶ 21; Dkt. No. 34-4, ¶ 6(E)). The Mortgage also provides that it is "governed by federal law and the law of the jurisdiction in which the Property is located." (Dkt. No. 34-3, ¶ 15). Because the Property is located in the Virgin Islands, the Court will look principally to the body of case law interpreting 5 V.I.C. § 541(b)—governing attorney's fees—in assessing what attorney's fees may be "reasonable." *Flagstar Bank, FSB v. Rivers*, 2014 WL 1101859, at *4 (D.V.I. Mar. 18, 2014).

"'To determine a fair and reasonable award of attorneys' fees [under § 541(b)], the Court considers factors including the time and labor involved, skill required, customary charges for similar services, benefits obtained from the service and the certainty of compensation.'" *Id.* (quoting *Staples v. Ruyter Bay Land Partners, LLC*, 2008 WL 413308, at *1 (D.V.I. Feb. 6, 2008) (citing cases)). The Court undertakes a two-step inquiry when examining the reasonableness of attorney's fees. First, the Court determines whether the hours billed were "reasonably expended," excluding time billed that is "excessive, redundant, or otherwise

3

unnecessary." *Berne Corp. v. Gov't of Virgin Islands*, 2012 WL 369535 at *10 (D.V.I. Feb. 3, 2012) (quoting *Pub. Interest Research Group of N.J., Inc. v. Windall*, 51 F.3d 1179, 1188 (3d Cir. 1995)). Second, the Court determines whether the hourly rate sought is reasonable, in comparison to prevailing market rates in the relevant community "for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990); *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 180 (3d Cir. 2001); *Berne Corp.*, 2012 WL 369535 at *10. The Court will address the two steps involved in assessing the reasonableness of attorney's fees.

Addressing the hourly rate first, "Virgin Islands courts 'have generally concluded that a reasonable hourly rate in this jurisdiction spans from $125 to $300 per hour.'" *Rivers*, 2014 WL 1101859, at *4 (quoting *Anthony on Behalf of Lewis v. Abbott*, 2012 WL 2752154, at *3 (D.V.I. July 9, 2012) (citing cases)). FirstBank Attorney Warren Cole, a partner at Hunter & Cole, charged $275.00 per hour from February 3, 2014 to July 30, 2015, and Associate Elise Catera charged $225.00 per hour during that same time period. (Dkt. No. 126). The Court concludes that the hourly rates charged by Attorneys Cole and Catera are reasonable.

With regard to the reasonableness of the time expended, FirstBank seeks compensation for 73.25 hours of work billed in this matter from February 3, 2014 through July 30, 2015, for a total of $16,876.25 in attorney's fees, plus $1,924.38 in costs. (Dkt. No. 126-3). The amount billed and hours expended are much higher than typical amounts this Court has awarded in routine, albeit contested, debt and foreclosure cases. *See, e.g., Bank of Nova Scotia v. Abdallah*, 2013 WL 1846544, at *6-8 (D.V.I. May 2, 2013) (awarding $7,755.88 in attorney's fees plus

costs of $1,290.00, totaling $9,045.88); *Bank of Nova Scotia v. Christian,* 12-cv-06 (D.V.I. July 30, 2015) (awarding $4,916.20 in attorney's fees plus $997.00 in costs, totaling $5,319.20).[1]

However, while this matter may otherwise have fallen into the run-of-the-mill category, the inordinate number of filings by Defendants has converted this case into a highly unusual and atypical debt and foreclosure matter. Defendants have filed a total of forty-three motions, notices, and other documents between February 3, 2014 and July 30, 2015. The Court has denied all of Defendants' motions and has previously found Defendants' arguments to be "largely incomprehensible" (Dkt. No. 84 at 6) and "inapposite and meritless." (Dkt. No. 119 at 5). Defendants' Opposition to FirstBank's Motion for Supplemental Attorney's Fees is similarly incomprehensible and procedurally and substantively inapt. Defendants cite, *inter alia,* the UCC and the Bible, asserting that this matter is "void and nullified." (Dkt. No. 128).

Defendants' profligate filings have had the consequence of increasing the amount of time reasonably expended by FirstBank's counsel, and the total amount billed. Defendants made extensive discovery requests and raised numerous objections, requiring FirstBank responses. Defendants also communicated frequently by email and telephone with counsel for FirstBank, therefore again requiring responses. Further, although Defendants' numerous filings were often confusing and unintelligible, and were ultimately denied by the Court, the filings had to be "liberally construe[d]" and held to "'less stringent standards than formal pleadings drafted by lawyers'" given Defendants' *pro se* status. *McNeill v. Greyhound Lines, Inc.*, __ F. App'x __, 2015 WL 5781516, at *2 (3d Cir. Oct. 5, 2015) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94

---

[1] In *LPP v. Ferris*, No. 11-cv-94 (D.V.I. June 2, 2014), a contested debt and foreclosure case, the Court awarded $11,997.00 in attorney's fees, plus $794.00 in expenses, for a total of $12,791.00. That case involved multiple parties, cross claims by defendants, a motion to compel discovery, notice of admissions, and contested summary judgment motions by the two individual defendants

5

(2007)). Thus, FirstBank's counsel would have had to carefully review the filings to determine whether they could be construed as advancing an argument requiring a response. The record reveals that FirstBank's counsel filed approximately fifteen oppositions or responses to Defendants' various filings during the February 2014 through July 2015 time frame.

As a result of the excessive litigation prompted by Defendants, the Court finds that the $16,876.75 sought in supplemental attorney's fees is reasonable and will award that amount.[2]

### B. Costs and Expenses

With regard to costs and expenses, under the terms of the Note, Christopher agreed to "pay . . . all expenses and costs" in the event of any default in the payment of the Note. (Dkt. No. 34-2 at 2). Under the terms of the Mortgage, FirstBank was entitled "to collect all expenses incurred in pursuing the remedies provided in this paragraph. . . including. . . costs of court." (Dkt. No. 34-3, ¶ 21). Here too, because the Mortgage is "governed by federal law and the law of the jurisdiction in which the Property is located" (Dkt. No. 34-3, ¶ 15), the Court will look to Virgin Islands law for guidance in determining appropriate costs and expenses.

Title 5, Section 541(a) defines what costs are "allowed in a civil action."[3] "Expenses" are not defined by statute, nor are they defined in the Mortgage or other loan documents.

---

[2] The Court recognizes that the attorney's fees awarded in this matter ($8,033.50 and $16,876.75, for a total of $24,910.25) is far in excess of what is typically awarded in debt and foreclosure cases. As discussed above, however, the amount of the award is reflective of the unusual situation created by the overwhelming number of filings by Defendants. Accordingly, the attorney's fees award here does not set a precedent for awards in the typical debt and foreclosure case.

[3] The costs allowed are: "(1) Fees of officers, witnesses, and jurors; (2) Necessary expenses of taking depositions which were reasonably necessary in the action; (3) Expenses of publication of the summons or notices, and the postage when they are served by mail; (4) Compensation of a master as provided in Rule 53 of the Federal Rules of Civil Procedure; (5) Necessary expenses of copying any public record, book, or document used as evidence on the trial; and (6) Attorney's fees as provided in subsection (b) of this section." 5 V.I.C. § 541(a).

The Supreme Court of the Virgin Islands has opined that costs and expenses do not cover the same outlays of funds in a case. In *Terrell v. Coral World,* 55 V.I. 580, 2011 WL 3492575 (V.I. July 20, 2011), the court noted that Title 5, Sections 541 through 547, "govern the award of costs to a prevailing party in civil litigation." *Id*. at *2. The Court in *Terrell* observed: "It is well-established that when a statute authorizes taxation of costs [referring to 5 V.I.C. § 541(a)], 'costs are not synonymous with expenses unless expressly made so by statute.'" *Id.* at 591 n.14 (quoting *Benda v. Fana*, 227 N.E.2d 197, 201 (Ohio 1967)). The Supreme Court further explained that "limiting 'costs' to what is specifically provided for in a fee-shifting statute is necessary in order to avoid 'absurd situations' that the legislature could not have intended, such as placing a litigant 'with the burden of paying exorbitant professional witness fees which may very well exceed the amount of the verdict itself.'" *Id.* (quoting *Benda*, 227 N.E.2d at 201). Further, in order for costs to be reimbursed, they must be reasonable. *See Creative Minds, LLC v. Reef Broadcasting, Inc.,* 2014 WL 4908588, at *1 (V.I. Super. Sept. 24, 2014) (opining that prevailing party in civil action may "recover reasonable costs and attorney's fees" under statute); *Galt Capital, LLP v. Seykota*, 2007 WL 4800135, at *3 (D.V.I. Dec. 20, 2007) (opining that Virgin Islands statute permits reimbursement for reasonable fees and costs).

With regard to the reimbursement of expenses, such reimbursement is permitted not by statute but by contract, the terms of which are regularly enforced by courts. *See Fields v. Thompson Printing Co., Inc.*, 363 F.3d 259, 271 (3d Cir. 2004) ("[C]ourts are obligated to enforce contracts as they are made by the parties and not to create additional terms out of thin air."); *Rainey v. Hermon*, 2011 WL 4738534, at *6 (V.I. Oct. 6, 2011) (enforcing the terms of a contract, even for legal fees and administrative costs, "unless the fee is unreasonable."). Pursuant to Rule 211.1.5 of the Virgin Islands Rules of Professional Conduct, adopted by the Supreme

Court of the Virgin Islands and effective February 1, 2011, fees and expenses awarded in the Virgin Islands must be "reasonable."

The Bank is seeking reimbursement for two categories of expenditures claimed by statute and contract, respectively. The first category of expenditures, in the amount of $1,141.00, is claimed as costs under the statute for execution of the writ by the U.S. Marshal Service and the publication of the Notice of Marshal's Sale in the local newspaper. (Dkt. No. 126-4). The second category of expenditures, in the amount of $783.38, is claimed as "Non-taxable costs recoverable under various loan documents (billed through the law firm)" for a birth certificate application (regarding claimed name change of Defendant), two "LPS invoice administrative fees," Westlaw Legal Research, and a Certified copy of Writ and Judgment. (Dkt. No. 126-4).

While the Bank has separated these expenditures into allowable "costs" under § 541(a) and non-taxable "costs" recoverable under the loan documents, none of the items listed fall under the statute's definition of "costs." Both the "allowable" and "nontaxable" costs, as described by the Bank, are more properly described as expenses under the loan documents, and the Court will analyze them in that context. *See* Note, Dkt. No. 34-2 at 2 (providing that Christopher agrees to "pay . . . all expenses and costs" in the event of any default in the payment of the Note); Mortgage (Dkt. No. 34-3, ¶ 21) (providing that FirstBank was entitled "to collect all expenses incurred in pursuing the remedies provided in this paragraph. . . including. . . costs of court."). (Dkt. No. 34-3, ¶ 21). As noted above, in order to be reimbursed, both costs and expenses in the Virgin Islands must be reasonable.

The Court finds the expenses comprised of Execution of the Writ, Publication of Notice of the Marshal's Sale in the St. Croix Avis, the Birth Certificate Application, and the Certified

8

Copy of the Writ and Judgment, totaling $1,197.00, are expenses reasonably incurred in this debt and foreclosure matter, and will be reimbursed.

On the other hand, the Court will disallow $10.00 for LPS administrative fees because the acronym "LPS" is not explained, and therefore the Court cannot determine whether the expenditure is reasonable. The Court will also disallow the Bank's request for $717.38 in Westlaw legal research fees. While the Court is unaware of any case law in the Virgin Islands regarding the reasonableness of online legal research in terms of expenses, such case law exists concerning the propriety of reimbursement of this kind of expenditure in the context of costs. Local courts have long held that overhead expenses are not compensable under section 541. *Morcher v. Nash*, 32 F. Supp. 2d 239, 263 (D.V.I. 1998). In this regard, courts have disallowed costs for computerized legal research as they are considered part of overhead expenses. *Id.* (explaining that "computerized legal research differs from traditional research only in the mode of retrieval, and attorneys routinely purchase research materials as part of overhead") (citing cases); *Mahabir v. Heirs of George*, 2014 WL 1392954, at *2 (V.I. Super. Apr. 4, 2014) (disallowing computer legal research charges under § 541(a) as general overhead expenses). The Court finds that allowing overhead charges as expenses is unreasonable and therefore will not award them as allowable expenses under the contract (loan documents).

Accordingly, the Court will permit reimbursement of a total of $1,1,97.00 in expenses.

### III.   CONCLUSION

For the reasons discussed above, the Court will grant in part and deny in part FirstBank's Motion for a Supplemental Award of Attorney's Fees. (Dkt. No. 126). The Motion will be granted to the extent that the Court will award FirstBank $16,876.75 in supplemental attorney's fees and $1,197.00 in expenses, for a total award of $18,073.75 in attorney's fees and expenses

from February 3, 2014 through July 30, 2015. The Motion will be denied to the extent that FirstBank seeks $10.00 in LPS administrative fees and $717.38 in Westlaw legal research fees.

An appropriate Order accompanies this Memorandum Opinion.

Date: December 4, 2015                             _____/s/_____
                                                   WILMA A. LEWIS
                                                   Chief Judge