**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

**FIRSTBANK PUERTO RICO,**

**Plaintiff,**

**v.**

**CARL F. CHRISTOPHER a/k/a Asarkasaamsu Raasar Ra II Karapernuntu Herishetapaheru a/k/a Nsw Setep N Ra Neb Ka Ra Herishetapaheru Neb Aha Asarkasaamsu Raasar Ra II KaraPernuntu Herishetapaheru a/k/a Nesut Ra Setep N Ra Neb Ka Ra Herishetapaheru Neb Aha a/k/a Nesut Sa Ra Setep N Ra Neb Ka Ra Herishetapaheru Neb Aha a/k/a Asarkasaamsu 'Raasar 'Ra II KaraPernuntu Herishetapaheru a/k/a Asarkasaamsu Raasar II KaraPernuntu Herishetapaheru and CHENZIRA D. KAHINA,**

**Defendants.**

**Civil Action No. 2013-0093**

**Attorneys:**
**Warren B. Cole, Esq.,**
**Elisa Catera, Esq.,**
St. Croix, U.S.V.I.
*For Plaintiff*

**Carl F. Christopher,** ***Pro Se***
**Chenzira D. Kahina,** ***Pro Se***
St. Croix, U.S.V.I.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on the Objection to Return of Marshal Sale filed in this debt and foreclosure action on August 14, 2015 by Defendants Carl F. Christopher and Chenzira D. Kahina (Dkt. No. 129); Defendants' Opposition to Plaintiff's Claim as Judgment Creditor and Successful Bidder at the Marshal Sale, filed on September 1, 2015 (Dkt. No. 137);

Defendants' Opposition to the Motion for Order Confirming Sale, also filed on September 1, 2015 (Dkt. No. 138); and Defendants' Opposition to Plaintiff's Request for a Motion to Confirm Marshal's Sale, filed on October 30, 2015 (Dkt. No. 149).[1] The foreclosure sale was held on July 30, 2015 and is reported by the United States Marshal in the "Return of Marshal Sale" dated August 6, 2015. (Dkt. No. 127-1). The Return of Marshal Sale provides that the property at issue in this matter, described as Plot No. 176-C, The Whim Estates, was sold to FirstBank for the price of $184,025.62, allowed as a credit bid, at the July 30, 2015 sale. *Id.*

On August 14, 2014, Defendants Carl F. Christopher and Chenzira D. Kahina filed an Objection to the Return of Marshal Sale, entitled "Enunciation: Exercising the Just Natural and Unalienable Rights of the Defendants to Raise and File an Objection to Return of Marshal Sale." (Dkt. No. 129). In this document, Defendants appear to argue that, on July 30, 2015, they "docketed, recorded and filed an Affidavit as proof of purchase of the property at the Marshal Sale for $185,000.00," filed as Docket Number 125,[2] and therefore they object to the U.S. Marshal's Return. *Id.* at 4. They also "invoke their right and power of attorney to claim the credit used by [First Bank] for the purchase pursuant to the Defendant's QWR. Defendants stand on the Maxims of Commercial Law." *Id.* They assert that the notice of sale was unlawful. *Id.* at 5.

[1] The Motion to Confirm Marshal's Sale, filed by FirstBank Puerto Rico (Dkt. No. 136), is addressed by separate Order.

[2] Document 125, entitled "Affidavit Verifying the Rights of Defendant Adverse Claim, Interest Claim, Equity, and Ownership Claim," indicates, *inter alia*, that Defendants "placed a bid on the said property for $185,000.00 using the security interest of the QWR Document reserving the Defendants right of the Power of Attorney privilege granted to the Defendants by the Plaintiff pursuant to the QWR." (Dkt. No. 125, ¶ 13). According to Defendants, QWR is an abbreviation for Qualified Written Request, pursuant to the Real Estate Settlement Procedures Act (RESPA). *Id.* ¶ 16.

On August 25, 2015, FirstBank filed a "Response to Defendants' Objection to Return of Marshal Sale" in which it pointed out that Defendants were not the "Judgment Creditors," as set forth in the Terms of United States Marshal Sale in this action and therefore they were not permitted to bid a credit against the Judgment. (Dkt. No. 135 at 2). Consequently, pursuant to the terms of the sale, they were obligated to "make payment of 10% of the bid on the day of the sale (with the balance to be paid within thirty (30) days)" which they failed to do, and therefore FirstBank, "as set forth in the Marshal Return of Sale, won its credit bid." *Id.*[3]

On September 1, 2015, Defendants filed: (1) an Opposition to Plaintiff's Claim as Judgment Creditor Successful Bidder and Clarification of their Position as True and Rightful Credit Owners of the Property (Dkt. No. 137); and (2) an Opposition to the Motion for Order Confirming Sale, entitled "Defendants Raise the Unalienable and Natural Right to Oppose Plaintiff Motion for Confirmation of U.S. Marshal Sale (Dkt. 136) Pursuant to RESPA-TILA-

---

[3] The terms and conditions of sale were set forth in the February 27, 2015 Judgment. The Judgment provided, in pertinent part, that:

> a. The Property shall be seized and sold at public sale at the Office of the U.S. Marshal, 3013 Estate Golden Rock, Federal Building, Christiansted, St. Croix, U.S. Virgin Islands, in accordance with 28 U.S.C. §§ 2001 and 2002;
>
> b. Plaintiff may bid a credit against its judgment and interest thereon, plus any costs, fees, and expenses, without tender of cash;
>
> c. The terms of sale as to all other persons or parties bidding shall be bank check, money order, or other certified funds. The successful bidder shall be required to deposit with the United States Marshal cash equal to ten percent (10%) of the bidder's total bid at or before 5:00 p.m. on the date of sale; and the remaining ninety percent (90%) of said purchase price shall be paid on or before 5:00 p.m. within thirty (30) days, inclusive, of the date of sale;
>
> d. The successful bidder shall be responsible for the payment of stamp taxes, recording fees, and related charges associated with obtaining and recording a deed to the Property[.]

(Dkt. No. 85).

UCC and FRCP Rule 12(h)(3), Rule 61, and Rule 62(b)(4)" (Dkt. No. 138). In their Oppositions, Defendants make a number of arguments, including that: (1) subject matter jurisdiction over the litigation is lacking; and (2) statements made by Plaintiff in its Motion for Order Confirming Sale that, *inter alia,* Defendants are not entitled to make a credit bid on the property are not facts and evidence in this litigation. (Dkt. Nos. 137, 138). Defendants also filed an "Affidavit of Facts and Truth in Support of Defendants Motion of Opposition to Plaintiff Motion as Judgment Creditor to Confirm Marshal Sale[.]" (Dkt. No. 139).

On October 30, 2015, Defendants filed a document entitled "Defendants Raise the Unalienable and Natural Right to Oppose Plaintiff Request for Motion for Confirmation of U.S. Marshal Sale (Dkt. 148) Pursuant to RESPA-TILA-UCC and FRCP Rule 12(h)(3), and Rule 62(b)(4)." (Dkt. No. 149). Defendants appear to contest FirstBank's "Request for Ruling on Motion to Confirm Marshal's Sale," filed on October 27, 2015. (Dkt. No. 148). In their Opposition, Defendants assert, *inter alia*, that they are the "true and rightful credit owner(s) of the property pursuant to RESPA-TILA-UCC Rule and 12(h)(3), and Rule 62(b)(4)"; that there were "substantial irregularities in the proceedings concerning sale," as the Plaintiff's claim is "fraudulent, voided, unlawful, and damaging to the Defendants rightful claims" under the aforementioned statutes and rules; and that Plaintiff lacks subject matter jurisdiction apparently over the sale. *Id.*

Title 5, Section 489 of the Virgin Islands Code, entitled "Confirmation of sale of real property," provides, in pertinent part, that "[t]he plaintiff in the writ of execution shall be entitled, on motion therefore, to have an order confirming the sale, unless the judgment debtor. . . files with the clerk his objections thereto within five days of the return thereof." 5 V.I.C. §

489(1). Defendants in this case filed their objections within five days of the return. (Dkt. No. 129).

The Court finds Defendants' objections filed on August 14, 2015, as well as their subsequent objections, meritless. Pursuant to the plain language of the Judgment, Defendants were not Judgment Creditors in this matter, and therefore they were not permitted to make a credit bid on the property. Secondly, in order to make a successful bid, Defendants would have had to comply with the Terms of Sale that apply to other parties by submitting a "check, money order, or other certified funds" equal to ten percent of their total bid of $185,000.00 on the date of sale (July 30, 2015), and provide the remaining ninety percent of their total bid within thirty days of the sale. The record in this case does not show that Defendants submitted a ten percent payment on the day of the sale ($18,500.00), nor the ninety percent remainder of that bid within thirty days of the sale.

In addition, the Court has previously found that subject matter jurisdiction exists over this matter, *see* Dkt. Nos. 84, 140, and Defendants have provided no grounds for the Court to find that it lacks jurisdiction at this point in the proceedings. Accordingly, it is hereby

**ORDERED** that the objections set forth in Defendants' Objections to the Return of Marshal Sale (Dkt. No. 129), the Opposition to Plaintiff's Claim as Judgment Creditor and Successful Bidder at the Marshal Sale (Dkt. No. 137), the Opposition to the Order for Motion Confirming Sale (Dkt. No. 138), and the Opposition to Plaintiff's Request for a Motion for Confirmation of Sale (Dkt. No. 149) are **OVERRULED**.

**SO ORDERED.**

Date: December 4, 2015

________/s/________
WILMA A. LEWIS
Chief Judge