DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| **FIRSTBANK PUERTO RICO,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**CARL F. CHRISTOPHER a/k/a** )<br>**Asarkasaamsu Raasar Ra II Karapernuntu** )<br>**Herishetapaheru a/k/a Nsw Setep N Ra Neb Ka** )<br>**Ra Herishetapaheru Neb Aha Asarkasaamsu** )<br>**Raasar Ra II KaraPernuntu Herishetapaheru** )<br>**a/k/a Nesut Ra Setep N Ra Neb Ka Ra** )<br>**Herishetapaheru Neb Aha a/k/a** )<br>**Nesut Sa Ra Setep N Ra Neb Ka Ra** )<br>**Herishetapaheru Neb Aha a/k/a** )<br>**Asarkasaamsu 'Raasar 'Ra II KaraPernuntu** )<br>**Herishetapaheru a/k/a** )<br>**Asarkasaamsu Raasar II KaraPernuntu** )<br>**Herishetapaheru and** )<br>**CHENZIRA D. KAHINA,** )<br>)<br>**Defendants.** )<br>_____) | Civil Action No. 2013-0093 |

**Attorneys:**
**Warren B. Cole, Esq.,**
**Elisa Catera, Esq.,**
St. Croix, U.S.V.I.
    *For the Plaintiff*

**Carl F. Christopher,** *Pro Se*
**Chenzira D. Kahina,** *Pro Se*
St. Croix, U.S.V.I.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on three Motions filed by *pro se* Defendants Carl F. Christopher, a/k/a Asarkasaamsu Raasar Ra II Karapernuntu Herishetapaheru a/k/a Nsw Setep N Ra Neb Ka Ra Herishetapaheru Neb Aha Asarkasaamsu Raasar Ra II KaraPernuntu Herishetapaheru a/k/a Nesut Ra Setep N Ra Neb Ka Ra Herishetapaheru Neb Aha a/k/a Nesut Sa Ra Setep N Ra Neb Ka Ra Herishetapaheru Neb Aha a/k/a Asarkasaamsu 'Raasar 'Ra II

KaraPernuntu Herishetapaheru a/k/a Asarkasaamsu Raasar II KaraPernuntu Herishetapaheru ("Christopher") and Chenzira D. Kahina ("Kahina") (collectively, "Defendants").

The first motion is a "Motion for Reconsideration of Deficiency Judgment" ("Deficiency Judgment Reconsideration Motion"), filed on September 23, 2016. (Dkt. No. 177). The second motion is a "Notice of Objection" to Plaintiffs' Praecipe (Dkt. No. 188), filed on the Court's docket as a "First Motion for Reconsideration" ("Praecipe Reconsideration Motion") on October 5, 2016. The third motion is a "Notice of Motion for Stay Opposing Plaintiff Writ of Assistance Execution," filed on October 12, 2016. (Dkt. No. 190).

For the reasons that follow, Defendants' Motions will be denied.

## I.  PROCEDURAL HISTORY

On September 17, 2013, Plaintiff Firstbank Puerto Rico ("Firstbank") filed a Complaint against Defendants, alleging causes of action for debt and foreclosure of real property mortgage. (Dkt. No. 1). In March 2014, FirstBank filed a Motion for Summary Judgment (Dkt. No. 32), which Defendants opposed. (Dkt. No. 70). On February 27, 2015, the Court granted summary judgment to FirstBank. (Dkt. Nos. 84, 85). Subsequently, the Court denied multiple Motions for Reconsideration of the summary judgment ruling (Dkt. Nos. 118, 119), and numerous other motions which the Court characterized as Defendants' "effort to forestall the foreclosure of the property at issue." (Dkt. No. 140 at 3). In August 2015, Firstbank filed a "Motion to Confirm Marshal's Sale" of the property—described as Plot No. 176-C of the Whim Estates (the "Property")—at a foreclosure sale. (Dkt. No. 136).

In December 2015, the Court issued a Memorandum Opinion and Order in which it, *inter alia*, overruled Defendants' Objections to the Return of Marshal Sale and various Oppositions to the sale (Dkt. No. 152), after which it entered an Order granting Firstbank's "Motion to Confirm

2

Marshal's Sale." (Dkt. No. 154). In August 2016, Firstbank filed a Motion for Deficiency Judgment. (Dkt. No. 163). In September 2016, the Court granted the motion in part, to the extent that it awarded Firstbank a deficiency judgment of $17,379.58, and denied the motion in part, to the extent that Firstbank sought a deficiency judgment of $17,405.20. (Dkt. No. 175 at 2-3). In the Order, the Court wrote:

> To the extent that the Court can decipher any meaning from Defendants' Opposition papers, the arguments contained therein are completely divorced from the reality of this case and are wholly meritless. They assert, for example, that FirstBank acquiesced to a nonexistent default judgment; that FirstBank is not the holder of the Note; and that the claim for a deficiency judgment was waived due to Defendants' filing of a "Certificate of Non-Response/Non-Performance." (Dkt. No. 164). Defendants have not raised any legal or factual questions that would cause the Court to deny FirstBank's Motion for a Deficiency Judgment.

*Id.* at 3.

Defendants then filed the instant Deficiency Judgment Reconsideration Motion (Dkt. No. 177), to which Firstbank filed an Opposition on September 27, 2016. (Dkt. No. 178). Defendants filed an "Objection to Plaintiff's Opposition to Defendants' Motion for Reconsideration" on September 29, 2016. (Dkt. No. 180).

On September 9, 2016, Firstbank filed a Motion for an Order of Restitution, in which it stated that it was seeking a Court Order directing Defendants to vacate the foreclosed Property for which Firstbank had received an Order Confirming Sale and Marshal's Deed. The Motion also requested that the Court order the issuance of all necessary writs directing the United States Marshal to render assistance to Firstbank in obtaining possession of the Property and evicting all persons in unlawful possession of it. (Dkt. No. 167).

On October 3, 2016, the Court granted the Order of Restitution, which it construed as a Motion for Order of Possession. (Dkt. No. 183). In that Order, the Court observed that, notwithstanding the absence of any legal authority to do so, Defendants remained in possession of

the Property. The Court's Order provided that, upon application to the Clerk of Court, Firstbank could obtain a Writ of Assistance to enforce its Order. *Id.*

On October 4, 2016, Firstbank filed a Praecipe for Issuance of Writ of Assistance to the Clerk of Court, based upon the Court's October 3, 2016 Order. (Dkt. No. 184). Defendants then filed an Objection to Plaintiffs' Praecipe (the Praecipe Reconsideration Motion) (Dkt. No. 188), and the Motion for Stay (Dkt. No. 190). Firstbank opposed the Praecipe Reconsideration Motion (Dkt. No. 189), but did not respond to the Motion for Stay.

## II. DISCUSSION

### A. Applicable Legal Standards

"The purpose of a motion for reconsideration . . . 'is to correct manifest errors of law or fact or to present newly discovered evidence.'" *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). Accordingly, in order to prevail on a motion for reconsideration, "a plaintiff must show '(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct clear error of law or fact or to prevent manifest injustice.'" *Butler v. Pa. Bd. of Probation & Parole*, 613 F. App'x 119, 125 (3d Cir. 2015) (quoting *Max's Seafood Café,* 176 F.3d at 677); *see also* Local Rule of Civil Procedure 7.3 (listing same three grounds).[1]

---

[1]Clear error exists if, "'after reviewing the evidence,' [the reviewing court is] 'left with a definite and firm conviction that a mistake has been committed.'" *Norristown Area Sch. Dist. v. F.C.,* __ F. App'x __, 2016 WL 98571, at *3 n.8 (3d Cir. Jan. 8, 2016) (quoting *Oberti v. Bd. of Educ.*, 995 F.2d 1204, 1220 (3d Cir. 1993)). In the context of a motion to reconsider, manifest injustice "[g]enerally [ ] means that the Court overlooked some dispositive factual or legal matter that was presented to it." *Greene v. V.I. Water & Power Auth.,* 2012 WL 4755061, at *2 (D.V.I. Oct. 5, 2012) (quoting *In re Rose*, 2007 U.S. Dist. LEXIS 64622, at *3 (D.N.J. Aug. 30, 2007)). "Manifest injustice has also been defined as an 'error in the trial court that is direct, obvious, and

Reconsideration is an extraordinary remedy and "should be granted sparingly" in accordance with the device's "stringent" standard. *Chesapeake Appalachia, L.L.C. v. Scout Petroleum, LLC*, __ F. Supp. 3d __, 2014 WL 7335045, at *2 (M.D. Pa. Dec. 19, 2014) (quotation and citation omitted); *see Bostic v. AT & T of the V.I.*, 312 F. Supp. 2d 731, 733 (D.V.I. 2004).

Motions for reconsideration "are not to be used as 'a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not.'" *Greene v. V.I. Water & Power Auth.*, 2012 WL 4755061, at *2 (D.V.I. Oct. 5, 2012) (quoting *Bostic*, 312 F. Supp. 2d at 733); *Gutierrez v. Ashcroft*, 289 F. Supp. 2d 555, 561 (D.N.J. 2003) ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden."). In addition, reconsideration is not a substitute for appeal and is not a proper avenue for repeated litigation of the merits of a case. *See Green v. Apker*, 153 F. App'x 77, 80 n.5 (3d Cir. 2005); *Ogden v. Keystone Residence,* 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) ("A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant.").

Fed. R. Civ. P. 62, "Stay of Proceedings to Enforce a Judgment," provides: "On appropriate terms for the opposing party's security, the court may stay the execution of a judgment—or any proceedings to enforce it—pending disposition of any of the following motions: . . . (4) under Rule 60, for relief from a judgment or order." Fed. R. Civ. P. 62(b)(4). "[I]t is within the discretion of the Court to stay the execution of a judgment or any proceedings to enforce it during the pendency

---

observable.'" *Id.* (quoting *Tenn. Prot. & Advocacy, Inc. v. Wells*, 371 F.3d 342, 348 (6th Cir. 2004)).

5

of a motion for relief from the judgment under Rule 60(b)[.]" *United States v. Holohan*, 2012 WL 2339755, at *10 (D.N.J. June 18, 2012) (citing Fed. R. Civ. P. 62(b)(4)).

### B. Analysis

In Defendants' Deficiency Judgment Reconsideration Motion and in their Praecipe Reconsideration Motion, they do not rely on an intervening change in controlling law, the availability of new evidence, or the need to correct clear error of law in the Court's rulings. In fact, the Court can find no reference to any such bases for reconsideration in either of Defendants' reconsideration motions.

In their Deficiency Judgment Reconsideration Motion, Defendants raise, once again, the meritless and inapposite arguments they proffered in opposition to Firstbank's Motion for Summary Judgment and in numerous subsequent motions. For example, they rehash whether the proceedings in this case comported with the Real Estate Settlement Procedures Act and criticize Firstbank's alleged failure to respond to their written requests for information concerning the mortgage that was the subject of the foreclosure in the instant lawsuit. (Dkt. No. 177). Defendants have raised these arguments, *ad nauseam*, in countless motions. *See, e.g.*, Dkt. Nos. 74, 75, 80, 106, 110, 111, 130, 132, 164. The Court has denied relief based on these claims in numerous Memorandum Opinions and Orders. *See, e.g.*, Dkt. Nos. 86, 120, 152, 153.

In their Praecipe Reconsideration Motion, Defendants argue that the Judgment and Order entered in this case, and subsequent Orders effecting that Judgment and Order, were fraudulent and void and they do not agree with them—contentions they have made previously, *see, e.g.*, Dkt. Nos. 90, 94, 132, 137, 138, and which the Court has rejected numerous times, *see, e.g*., Dkt. Nos. 119, 140, 153. They also assert that because they filed claims during the redemption period, which are now included in a complaint they filed in August 2016 in this Court, captioned *Asarkasaamsu*

*Herishelapaheru v. Firstbank Puerto Rico*, 16-cv-0057, the Court should refuse to issue the Writ of Assistance until it has adjudicated the merits of their second case. (Dkt. No. 188-1). They state that the claims raised in their second case seek relief from the Judgment & Order in this case. *Id*. at 2.

It is clear that Defendants have filed their two reconsideration motions in an attempt to relitigate the merits of this case which have long ago been decided, and to once again delay the resolution of this matter. Reconsideration motions are not to be used as vehicles for "rearguing matters already addressed by the court." *Greene*, 2012 WL 4755061, at *2; *see Gutierrez*, 289 F. Supp. 2d at 561. In liberally reading the *pro se* Defendants' Praecipe Reconsideration Motion as raising an argument that the filing of their second case might constitute "new evidence" that was not available when the Court issued its Praecipe, thus warranting reconsideration, the Court rejects such a position. A complaint—filed in a separate case—is not evidence, but a document containing mere allegations. It therefore does not qualify as new evidence to support a motion for reconsideration, or good grounds to delay Firstbank's obtaining a Writ of Assistance in this case.

In sum, Defendants have failed to demonstrate that this case warrants the extraordinary remedy of reconsideration of the Court's September 16, 2016 Order granting in part and denying in part Firstbank's Motion for a Deficiency Judgment (Dkt. No. 175), or the Court's October 3, 2016 Order granting Firstbank's Motion for Order of Possession. (Dkt. No. 183). The Court will therefore deny Defendants' Deficiency Judgment Reconsideration Motion and Praecipe Reconsideration Motion.

With regard to their Motion to Stay, Defendants cite Fed. R. Civ. P. Rule 62(b)(4) and argue that a stay of proceedings is necessary in this case "to preserve the status quo until a ruling is made on the Defend[ants]' Claims/Complaint/Motions" in *Asarkasaamsu Herishelapaheru v.*

7

*Firstbank Puerto Rico*, 16-cv-0057. (Dkt. No. 190-1 at 2). They further claim that the Writ of Assistance will usurp the status quo on their "lawful and rightful common law private property claim" on the Property at issue and will cause "much more irreparable unjust harm and injury as trespass." *Id.*

Given the plain language of Rule 62(b)(4)—where, "on appropriate terms for the opposing party's security," the court "*may*" stay the action while a motion for reconsideration is pending—Defendants do not qualify for a stay. First, the word "may" denotes that the decision whether to grant a stay is within the court's discretion. Second, relief is contingent on the movant offering "appropriate terms for the opposing party's security" in seeking a stay. Defendants have not offered any terms, much less appropriate terms, for Firstbank's security during a stay. Third, a court may order a stay *pending disposition* of a Rule 60 motion. Even if this Court construes Defendants' Motions for Reconsideration as motions for relief from judgment under Rule 60(b), *see Lora v. NHS, Inc.*, __ F. App'x __, 2016 WL 6247650, at *2 (Oct. 26, 2016) (accepting Rule 60(b) motion as motion for reconsideration); *Antoine v. Rucker*, 361 F. App'x 389, 391 (3d Cir. 2010) (same), in view of the Court's denial of Defendants' Motions for Reconsideration, there remains no such pending motion and thus "no basis for a stay under 62(b)(4)." *Vedatech, Inc. v. St. Paul Fire & Marine Ins. Co.*, 2008 WL 2790200, at *4 (N.D. Ca. July 17, 2008). Accordingly, the Court will deny Defendants' Motion for a Stay. (Dkt. No. 190).

## **ORDER**

**UPON CONSIDERATION** of the foregoing, it is hereby

**ORDERED** that Defendants' Motion for Reconsideration of Deficiency Judgment," (Dkt. No. 177), and Defendants' "Objection to Plaintiffs' Praecipe"/"First Motion for Reconsideration" (Dkt. No. 188) are **DENIED WITH PREJUDICE**; and it is further

**ORDERED** that Defendants' "Notice of Motion for Stay Opposing Plaintiff Writ of Assistance Execution" (Dkt. No. 190) is **DENIED WITH PREJUDICE.**

**SO ORDERED.**

Date: December 7, 2016 _____/s/_____
WILMA A. LEWIS
Chief Judge