**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | | |
|---|---|---|
| **FIRSTBANK PUERTO RICO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:13-cv-0093** |
| | ) | |
| **CARL F. CHRISTOPHER a/k/a** | ) | |
| **Asarkasaamsu Raasar Ra II** | ) | |
| **Karapernuntu Herishetapaheru a/k/a** | ) | |
| **Nsw Setep N Ra Neb Ka Ra** | ) | |
| **Herishetapaheru Neb Aha Asarkasaamsu** | ) | |
| **Raasar Ra II KaraPernuntu** | ) | |
| **Herishetapaheru a/k/a Nesut Ra Setep N** | ) | |
| **Ra Neb Ka Ra Herishetapaheru Neb Aha** | ) | |
| **a/k/a Nesut Sa Ra Setep N Ra Neb Ka Ra** | ) | |
| **Herishetapaheru Neb Aha a/k/a** | ) | |
| **Asarkasaamsu 'Raasar 'Ra II** | ) | |
| **KaraPernuntu Herishetapaheru a/k/a** | ) | |
| **Asarkasaamsu Raasar II KaraPernuntu** | ) | |
| **Herishetapaheru and CHENZIRA D.** | ) | |
| **KAHINA,** | ) | |
| **Defendants.** | ) | |
| | ) | |

**ORDER**

**THIS MATTER** is before the Court *sua sponte*. On July 19, 2019, Plaintiff FirstBank

Puerto Rico filed a Praecipe for Issuance of Writ of Execution (ECF No. 219), requesting that

its form writ of execution (ECF No. 219-2) be issued to satisfy the Deficiency Judgment (ECF

No. 175), entered by the Court on September 16, 2016. By Order (ECF No. 225), entered

February 26, 2026, the Court directed the Clerk to issue the said writ.

Upon review, however, the Court notes that the writ addresses the garnishment of

wages, not any of Defendants' non-exempt property. In accordance with the Court's Local

Rules of Civil Procedure Rule 69.1(b), a "judgment creditor, upon application and filing an

affidavit that contains a description of the judgment and its amount and states that execution

*FirstBank Puerto Rico  v. Christopher*
Case No. 1:13-cv-0093
Order
Page **2** of **2**

has been returned unsatisfied, and after giving mailed notice to the employer-garnishee and the judgment debtor, may obtain an order for the garnishment of the wages of the judgment debtor." The record is devoid of any "mailed notice to the employer-garnishee" by Plaintiff that it was seeking to garnish Defendant Chenzira D. Kaniha's wages.

In addition, Rule 69.1(a) states that execution of a judgment upon wages are subject to Title 5, chapter 44, of the Virgin Islands Code. *See* LRCi 69.1(a). Section 522 of Title 5 limits wage garnishment to "ten percent (10%) of so much of the gross wages as exceeds thirty dollars ($30) due or to become due to the judgment debtor from the employer-garnishee for any weekly pay period, or its equivalent for any pay period of a different duration."  5 V.I.C. § 522(a). Nothing in the writ of execution indicates this 10% limitation. As submitted by Plaintiff, the form instead includes the entire amount of the deficiency judgments plus post-judgment interest.

Accordingly, it is hereby

**ORDERED** that the Writ of Execution, ECF No. 226, issued on February 27, 2026, is **VACATED**; it is further

**ORDERED** that, in the event Plaintiff wishes to pursue wage garnishment to satisfy its deficiency judgment, Plaintiff shall file a new motion for relief in compliance with LRCi 69.1(a)-(b) and 5 V.I.C. §§ 521-532.

**Dated:** May 18, 2026

*/s/ Robert A. Molloy*
**ROBERT A. MOLLOY**
**Chief Judge**